Elaine DeVAULT, Plaintiff
and Appellant,

v.

Anthony MITCHELL, in his capacity as
Director of the Utah Department of So-
cial Services, Defendant and Respon-
dent.

No. 15532.

Supreme Court of Utah.

Oct. 26, 1978.

Lucy Billings and Michael D. Shephard,
Salt Lake City, for plaintiff and appellant.

Robert B. Hansen, Atty. Gen., Paul M.
Tinker, Asst. Atty. Gen., Salt Lake City, for
defendant and respondent.

CROCKETT, Justice:

Plaintiff Elaine DeVault applied for wel-
fare assistance from the Department of So-
cial Services on February 9, 1977, asserting
that she is in necessitous circumstances and
without income or resources to support her-
self. Her application was denied. She ap-
pealed that decision and, pursuant to a
hearing on March 15, 1977,[1] a hearing ex-
aminer entered findings of fact and a deci-
sion, subsequently adopted by defendant
Department, which sustained the determi-
nation that her application for assistance be
denied.

Plaintiff then instituted this action in the
district court alleging that the defendant's
denial of her application was capricious and
arbitrary and contrary to law. She urges:
(1) that the evidence compels a ruling in her
favor and (2) that the determination made
and the regulations as to eligibility require-
ments are contrary to the purposes to the
general assistance program.

1. As provided by U.C.A. 1953, 55–15a–25.

Upon the basis of the facts represented to the court in the memoranda of the respective parties, the district court granted the defendant's motion to dismiss. Plaintiff appeals.

The plaintiff is a 52 year old divorced woman. At the time she applied for welfare assistance, she was residing in a household with her ex-husband, her daughter and granddaughter, a friend of the family and the friend's four minor children. The plaintiff asserts that there was uncontradicted testimony to the effect: (1) that she paid her last $50 to live in the house as a boarder; (2) that she was unable to make any additional payments or to move elsewhere; and (3) that her room and board expenses constituted a loan which she was obligated to repay.

The statute upon which the plaintiff bases her claim is Sec. 55–15a–1, U.C.A. 1953:

It is the purpose of this act to provide assistance to any person in Utah in need. A person is in need and entitled to assistance *if sufficient resources are not available for his use* within the limitations set forth herein and who otherwise qualifies. [Emphasis added.]

The Department's manual on assistance payments provides:

General Assistance Household: Any adults and emancipated persons living together in common quarters . . . (except roomers, boarders and live-in attendants) shall be considered as a household providing they live together as an economic unit.

The term "economic unit" is then defined as:

One or more persons living together in common quarters, purchasing and preparing food together, with the income of each individual being available to the entire group for their support, care and maintenance.

Upon the facts as presented, it was found that:

All members of the family are residing in the same household, all [are] indirectly related except the one friend and children, meals are eaten together . . ..

Then, in applying the Department regulations to those facts, it was concluded that:

. . . the claimant could not be classified as receiving room and board or as being a separate economic unit . . . and, therefore is not eligible for General Assistance.

■ Plaintiff's argument is that others in the household were not obligated to provide for her and that their income was not available for her support. She asserts that their income should not be considered in determining whether she is entitled to welfare assistance. An important factor to be considered in making that determination is whether she can properly be classified as a separate economic unit, or should be considered as part of the household. This is, of course, a determination to be made by the trier of the facts.

■ The plaintiff's point must be conceded: that the Department is not vested with arbitrary powers to grant or deny at will, but is obliged to carry out the purpose of the act to provide for persons who are in actual need.[2] Accordingly, the administrative agency should sufficiently explore the facts that it can make a well-advised and just determination. If it fails to do so, and thus does not have a foundation upon which to base its judgment, we cannot see how its action can be otherwise than arbitrary.[3]

■ In view of the responsibility of defendant Department, and of the district court, whose jurisdiction was invoked to review the plaintiff's contentions, we are at a loss to understand why the court disposed of this case on motion without making some ascertainment of facts which seem to us essential to making a well-advised adjudication thereon. Due to our conclusion herein to remand this case, we remark on some of those facts. Nothing is shown in the record as to what the divorce decree does or does

---

2. See 55–15a–1, et seq., U.C.A. 1953.

3. *Johnson v. Schrader*, Wyo., 502 P.2d 371, 374 (1972).

not provide as to any obligation plaintiff's ex-husband has to support her. Nor is there any showing as to what the income of the other individuals in the household is, nor whether it is or should be "available to the entire group for their support, care and maintenance"; and it is not clear whether the plaintiff is or is not obligated to share in the expenses incurred by others for the common maintenance.

On the basis of what has been said above, it is our conclusion that the motion to dismiss the complaint was not properly granted and that this case should be remanded for further proceedings not inconsistent with this opinion. No costs awarded.

ELLETT, C. J., and MAUGHAN, WILKINS and HALL, JJ., concur.