Gloria BEIRNE, Individually and on behalf of all others similarly situated, Plaintiff and Appellant,

and

Lucille Lemke, Intervening Plaintiff and Appellant,

v.

Anthony MITCHELL, in his capacity as Executive Director of the Utah Department of Social Services, Defendant and Respondent.

No. 15482.

Supreme Court of Utah.

Nov. 15, 1978.

Lucy Billings, Salt Lake City, for plaintiff and appellant.

Robert B. Hansen, Atty. Gen., Paul M. Tinker, Asst. Atty. Gen., Salt Lake City, for defendant and respondent.

CROCKETT, Justice:

Plaintiffs Gloria Beirne and Lucille Lemke brought this action to compel the defendant, State Department of Social Services, (hereinafter Department) to continue to furnish them an extra amount in their welfare allowance for "special diet and restaurant meals." The foundation of their complaint is that the Department had previously determined their need for such an allowance and had thereafter arbitrary discontinued it. On the basis of undisputed facts, the district court granted defendant's motions for summary judgment rejecting plaintiffs' contentions. They appeal.

The plaintiff Gloria Beirne receives $275 per month for herself and two children. Lucille Lemke receives $166 per month. Plaintiff Beirne's claim for additional funds is that she has a diabetic condition which requires a special diet; and plaintiff Lemke avers that she lives alone in a hotel room with no cooking facilities and that she cannot have adequate meals unless she has them in restaurants.

Plaintiffs base the claims for the additional assistance upon Sec. 55–15a–18(4), U.C.A., 1953, which provides:

> For the purpose of providing assistance to persons subjected to extraordinary problems of living by reason of any special situation, monthly payments *may* be made within regulations devised to meet these situations including an allowance to meet the special needs of the pregnant woman. [Emphasis added.]

Plaintiffs' argument is that the intent and purpose of the just quoted statute is that the Department *must* provide those who are in need with extra funds for special needs; and that inasmuch as the Department had previously had regulations providing for special diets and for restaurant meals, and had determined the plaintiffs' need for them, it was unreasonable and arbitrary to change the regulations and discontinue their respective allowances.

We agree with the general thrust of plaintiffs' argument that the Welfare Act constitutes a declaration of legislative intent that persons in want should have their basic needs supplied. We have no doubt that this commitment is appropriate for an enlightened and orderly society. But it is also to be had in mind that in such a society, the desired objective is that each member be afforded the opportunity of being the best possible person, both by taking care of his own needs and by making such contributions as he can to the general welfare.

The truism cannot be escaped that such grants of assistance mean that some people are producing what others are consuming. Any arrangement which relieves one person

of his share in the common responsibility, is not only an imposition to some degree on those who are exerting their efforts to provide for the common welfare, but also, to some degree, relieves the recipient of the duty and deprives him of the opportunity of enjoying the measure of pride and self-respect which should result from bearing whatever he can of the burdens of existence. For this reason, even though individuals may be in necessitous circumstances, it does not necessarily follow that they should be relieved entirely from exerting whatever effort and ingenuity they can to produce, conserve, and make the best possible use of what is available.

■ In a dispute such as this, the finding of truth and doing justice is not usually to be found in either of the extremes, but somewhere between them. On the one hand, the law does not recognize any absolute right to demand a desired amount for welfare, but that must depend upon a reasonable determination of the needs by the Department. On the other hand, consistent with the purpose of the act that persons in actual need shall not be without the basic necessities of life, there should be no unreasoning and arbitrary denial thereof. Therefore the Department does not have unbridled power to give or withhold welfare, or amount thereof, entirely upon its own whim or caprice;[1] and in proper circumstances there should be and is a resort to the courts for review.[2]

Because of the responsibilities with which the administrative agency is charged, and its presumed knowledge and expertise in that field, the courts hold that it should be allowed considerable freedom of action, with as little judicial interference as possible;[3] that they are reluctant to intrude into the agency's determinations, and will not do so unless it appears that the agency has acted in excess of its authority, or so unreasonably that it should be deemed capricious and arbitrary.[4]

Plaintiffs' arguments that inasmuch as they had received extra money for the stated purposes, it was unreasonable and arbitrary to decide otherwise and deprive them thereof, are not entirely without plausibility. But brief reflection upon the practical exigencies involved in the administration of the Welfare Act will demonstrate the fallacy in the argument that once such an allocation is made it cannot be changed.

■ The responsibility of the Department in administering the public assistance program includes the necessity of making the best possible use of such funds as the legislature appropriates for that purpose. In view of the ever increasing demands for welfare, in order to meet the most pressing needs, it is essential that the Department have the prerogative of exercising its best judgment in determining priorities and making allocations of available funds.

■ Contrary to the plaintiffs' urgings, neither the fact that the Department had promulgated regulations allowing for special diets and restaurant meals in the past, nor the fact that the plaintiffs' had been considered eligible for them, provides a basis for the plaintiffs' insistence that the Department be commanded to continue such programs with the plaintiffs eligible to participate in them. In the carrying out of this responsibility, it is essential that the Department have authority to make changes from time to time. Indeed, it has as much authority to change or eliminate its rules and regulations, and also the determinations made thereunder, as it does to make them in the first place.

■ The correct approach to the problem involved is to ascertain whether the decision made by the Department was in fact unreasonable and arbitrary, taking into account the purposes of the Act, the responsibilities of the Department, and the facts

**1.** See *DeVault v. Mitchell, et al.*, Utah, 586 P.2d 459 (1978).

**2.** *Peatross v. Board of Commissioners of Salt Lake County*, Utah, 555 P.2d 281 (1976).

**3.** *Murphy v. Walsh*, 158 Cal.App.2d 675, 323 P.2d 206 (1958).

**4.** *Central Bank & Trust Co. v. Brimhall*, 28 Utah 2d 14, 497 P.2d 638 (1972).

upon which the decision was based. For that purpose we revert to the specific contentions of the plaintiffs in the light of the foregoing discussion.

Unquestionably, it would require some planning and ingenuity by Mrs. Beirne to provide for herself and her two children on $275 per month. But upon the basis of the facts shown, the trial court was not persuaded, nor are we, that the defendant Department was unreasonable or arbitrary in refusing to believe that her diabetic condition would prevent the accomplishment of that objective. Similarly, with respect to plaintiff Lemke, it does not appear otherwise than by some planning, effort, and ingenuity on her part, she could have just as well-balanced, adequate and perhaps more economical meals without insisting that they be prepared for her in restaurants.

Upon applying the principles discussed herein to the facts shown in this record, we are in agreement with the ruling of the trial court that the plaintiffs failed to demonstrate that the Department's refusal of the plaintiffs' demands for additional assistance was so unreasonable, capricious or arbitrary as to warrant judicial intervention.

Affirmed. No costs awarded.

ELLETT, C. J., and WILKINS and HALL, JJ., concur.

MAUGHAN, J., concurs in result.