**David Craig CARLSEN, Plaintiff and Appellant,**

v.

**STATE of Utah, DEPARTMENT OF SOCIAL SERVICES, and Sherrie Carlsen, Defendants and Respondents.**

No. 19627.

Supreme Court of Utah.

July 17, 1986.

David C. Carlsen, pro se.

Jeffrey H. Thorpe, Deputy Co. Atty., David L. Wilkinson, Atty. Gen., Salt Lake City, for defendants and respondents.

PER CURIAM:

Plaintiff appeals from the district court's affirmance of an administrative order that he reimburse the State for public support given his child. Acting pro se, plaintiff raises several contentions attacking the proceedings below. We conclude that all are without merit, and we affirm.

When plaintiff and Sherrie Carlsen were divorced in 1969, he was ordered to pay child support of $50 per month for his daughter, Debbie Ann. He was later incar-

cerated in the Utah state penitentiary from 1972 through June 1975. From February 1975 through November 1978, Sherrie and Debbie Ann Carlsen obtained state public assistance which totalled $5,934.61. At best, plaintiff made only a few support payments during this period.

In March 1979, plaintiff was formally notified by the State Office of Recovery Services of his accrued child support obligation of $2,075.[1] When he failed to appear before the administrative law judge at the scheduled hearing, a default order of reimbursement was entered in April 1979. Upon plaintiff's motion made 2½ years later, the administrative law judge agreed to set aside the 1979 order, and the State's claim for recovery was rescheduled for hearing. At the rehearing, plaintiff appeared, cross-examined witnesses, and gave his own testimony. The administrative law judge entered his findings and conclusions and ordered plaintiff to reimburse Recovery Services. Plaintiff's motion to vacate the findings and order resulted in an amended order of reimbursement in the amount of $916.03 on April 6, 1982. The district court affirmed the amended order.

■ This case involves a challenge to the agency's findings of fact. In such instances, we give maximum deference to the determination made by the agency. *Utah Department of Administrative Services v. Public Service Commission*, 658 P.2d 601, 608–09 (Utah 1983). The agency's finding will be sustained if "there is evidence of any substance whatever which can reasonably be regarded as supporting the determination made...." *Kennecott Copper Corp. Employees v. Department of Employment Security*, 13 Utah 2d 262, 264–65, 372 P.2d 987, 989 (1962), *reaffirmed in Taylor v. Department of Employment Security*, 647 P.2d 1, 1 (Utah 1982); *see also Williams v. Public Service Commission of Utah*, 29 Utah 2d 9, 11, 504 P.2d 34, 36 (1972); *Rizzo v. Industrial Commission of*

*Utah*, 716 P.2d 789, 790 (Utah 1986). Under this "substantial evidence" standard, the agency's decision will be overturned only if it is so lacking in factual foundation that it is deemed to be arbitrary and capricious. *Utah Department of Administrative Services v. Public Service Commission*, 658 P.2d at 609, *citing Williams v. Public Service Commission*, 504 P.2d at 504; *see also Beirne v. Mitchell*, 587 P.2d 153, 154 (Utah 1978).

■ The computation of the amount of support which plaintiff owes the State is adequately supported by the record. During a 46–month period from 1975 through 1978, the State furnished public assistance of $5,934 to Sherrie and Debbie Ann Carlsen. The total child support accrued during that period was $2,300. Based upon the court-ordered support of $50 per month, the administrative law judge calculated the sum to be reimbursed as $1,947.19, from which certain credits were given plaintiff. Plaintiff's argument that he is only responsible for the lesser of $50 per month or one-half of the amount provided by the State is without any factual or statutory support.

■ Plaintiff argues that the State may not collect unpaid support during the period of plaintiff's detention in the Utah State Prison. Plaintiff's obligation of support was imposed by the district court long before his incarceration. Accrued child support installments are vested in the child and may not be retroactively modified. *Larsen v. Larsen*, 561 P.2d 1077 (Utah 1977); *cf. Coleman v. Coleman*, 664 P.2d 1155 (Utah 1983). Because plaintiff's own conduct resulted in his incarceration, he may not excuse himself from the consequences thereof. *Cf. Kiesel v. Kiesel*, 619 P.2d 1374, 1376–77 (Utah 1980).

■ Plaintiff contends that Recovery Services is estopped from collecting because of its correspondence with defendant whereby it allegedly waived any recovery

---

1. This amount was determined by the Department of Social Services after allowing credit for various payments made by plaintiff.

prior to June 1975. We disagree with plaintiff that the only reasonable interpretation of a November 1976 letter requires finding a waiver. Although the letter advised plaintiff that the agency did not "at this time" seek collection, it does not say that the agency waived the right to do so in the future. Substantial evidence supports the administrative finding that defendants did not waive any right of recovery. There is also sufficient evidence to support the denial of additional credits to plaintiff for gifts provided by him to Debbie Ann and her mother. *Ross v. Ross*, 592 P.2d 600 (Utah 1979). We find no abuse of discretion in the court's determination that those gifts, even if made at the behest of the mother, did not satisfy or replace his support obligations under the terms of the court's order.

■ We reject the contention that the department lacks standing because the mother's assignment of her right to collect support was invalid and ineffective. Even if the executed assignment was improper (which we do not determine), the right to collect support passes to the State upon receipt of assistance by the person entitled to the support. U.C.A., 1953, § 78–45b–3(1)(a), as amended (Supp.1985).

■ Plaintiff next argues that the judgment is invalid because (1) the administrative law judge did not enter the findings, conclusions, and order within twenty days,[2] and (2) the district court did not render its memorandum decision affirming the administrative action until after sixty days.[3] Plaintiff argues that because of these time delays, the court and the administrative tribunal were divested of any jurisdiction over his case. This contention is also without merit. It is clear that these calendar directives were not intended by our legislature to be jurisdictional. *See* U.C.A., 1953, § 55–15c–1, as amended (Supp.1985); *Stahl v. Utah Transit Authority*, 618 P.2d 480, 481 (Utah 1980); *Pressley v. Warden*, 242 Md. 405, 219 A.2d 25 (1966). And plaintiff

does not show that he was in any way prejudiced by the failure of these tribunals to issue determinations within the statutory time frame.

■ Plaintiff complains that he was not afforded prior notice and an opportunity to object to the administrative order and findings, contrary to a departmental regulation. We agree with the trial court that any failure of the department to notify plaintiff of the proposed order was cured because he later had sufficient opportunity to and did object. His objection was heard and granted, in part, when the amended order was entered. Any failure to give notice under the administrative rules was harmless, and plaintiff was not prejudiced thereby. *Mattingly v. Charnes*, 700 P.2d 927 (Colo.App.1985).

■ Finally, we reject plaintiff's argument that by first proceeding with an administrative hearing, instead of a judicial proceeding, the department deprived him of equal protection of the laws. Our legislature may properly delegate to an administrative body the duty to ascertain facts and make determinations in administering the laws. *Union Trust Co. v. Simmons*, 116 Utah 422, 211 P.2d 190, 192 (1949). The administrative action taken to collect reimbursement for public assistance given did not invidiously discriminate against plaintiff or deny him any fundamental right. When a quasi-judicial function has been delegated by statute to the administrative body charged with the responsibility of enforcing the statute, plaintiff does not have a constitutional right to insist that the agency may only bring an action in court. He was afforded an opportunity to present his claims and defenses to the district court judge who was "duly appointed under our constitution" to hear such matters. Utah Const. art I, § 11; art. VIII, § 5. That court heard his claims and affirmed the determination of the administrative law judge, just as we do. Plaintiff has not

---

**2.** U.C.A., 1953, § 78–45b–6(2) (Vol. 9A, 1977 ed.).

**3.** U.C.A., 1953, § 78–7–25, as amended (Supp. 1985).

been deprived of any due process or equal protection right.

We have also examined plaintiff's remaining arguments and find them equally without merit. The judgment is affirmed.