TRAIL MOUNTAIN COAL CO. and/or
Utah State Insurance Fund, Plaintiffs,

v.

Dee Anna KENNER, widow, and Adam
Leon Kenner and Dawn Marie Kenner,
minor dependent children of Richard
Kenner, deceased, and/or Industrial
Commission of Utah, Defendants.

No. 20623.

Supreme Court of Utah.

May 20, 1987.

James R. Black, Salt Lake City, for plaintiffs.

David L. Wilkinson, Ralph L. Finlayson, Salt Lake City, for defendants.

HOWE, Justice:

Trail Mountain Coal Co. and its workmen's compensation insurance carrier, the State Insurance Fund, seek review of an order of the Industrial Commission of Utah awarding benefits to the children of a deceased workman.

Richard Kenner was an employee of the Trail Mountain Coal Co. when he was killed in a cave-in at a coal mine on February 3, 1982. He was survived by his widow, Dee Anna Kenner, and two minor children, Adam Leon Kenner and Dawn Marie Kenner. Pursuant to Utah Code Ann. § 35-1-68 (Supp.1986), the Industrial Commission awarded to Mrs. Kenner, for the use and benefit of herself and her two minor children, compensation of $218 per week for the statutory maximum of 312 weeks, for a total of $68,016. On September 7, 1982, Mrs. Kenner remarried, and at that time, the Commission amended its award to give her a lump sum payment equal to 52 weeks of compensation pursuant to Utah Code Ann. § 35-1-73 (Supp.1986). The remaining balance of the original award was divided equally between the two minor children, payable to them in the sum of $401.98 each every four weeks. Those amounts were ordered to be deposited in savings accounts in the names of the children "until needed or until they attain their respective majorities."

On January 18, 1985, Adam Leon Kenner turned eighteen years old. A few days thereafter, an administrative law judge in the Industrial Commission entered an order releasing the funds in his savings account to him, but did not terminate payment of future benefits to him. Thereupon, the State Insurance Fund filed a motion for a review of the order, seeking termination of the payment of benefits to Adam and re-

questing a recalculation of benefits to Dawn Marie Kenner in light of Adam's attaining majority. In response to that motion, the judge, apparently recognizing the error of awarding benefits to Adam beyond age eighteen, terminated them. However, the judge retroactively increased Adam's award to $202.48 per week from September 7, 1982 (the date of his mother's remarriage), through January 17, 1985. The judge also retroactively increased payments to Dawn Marie Kenner to $122.85 per week from September 7, 1982, until the date of her eighteenth birthday, which would be August 1, 1986. By virtue of this order, the full $68,016 originally awarded by the Commission would be paid out to Mrs. Kenner and the children by the time Dawn Marie Kenner attained her eighteenth birthday. The Industrial Commission affirmed the order of the administrative law judge, and the employer and the State Insurance Fund now seek our review of that order.

The sole contention of the employer and the Fund is that the Commission, in its order retroactively increasing benefits payable to the two children, ran afoul of section 35–1–68(2)(b)(i), which establishes a weekly maximum of 85 percent of the state average weekly wage at the time of injury, which in this case amounts to $218. Under the order of the Commission, the total amount payable to the two children was $325.33 per week.

Two statutes make it clear that the Commission's order was in error. First, section 35–1–73 provides that upon remarriage of a widow, an advance of 52 weeks of the award will be paid in a lump sum to her to encourage such remarriage. That statute then continues to provide:

> If there are other dependents remaining at the time of remarriage, *benefits payable under this title* shall be paid to such person as the commission may determine for the use and benefit of the other dependents, the weekly benefits to be paid at intervals of not less than four weeks.

(Emphasis added.) The emphasized language in the above statute, "benefits payable under this title," unmistakably must include the cap fixed by section 35–1–68(2)(b)(i) of 85 percent of the state average weekly wage. We cannot ignore that limitation in determining "benefits payable under this title."

The second statute which must be considered is Utah Code Ann. § 35–1–74 (Supp. 1986), providing:

> In all cases where an award is made to, or increased because of a dependent spouse or dependent minor child or children, as provided in this title, such award or increase in amount of the award shall cease at the death, marriage, attainment of the age of eighteen years, or termination of dependency of such minor child or children or upon the death, divorce or remarriage of the spouse of the employee, subject to those provisions relative to the remarriage of a spouse as provided in section 35–1–73.

It is clear that under the foregoing statute, an award to a child *ceases* upon the attainment of his or her eighteenth birthday. We cannot sanction the avoidance of that termination by allowing the Commission to pay more than the weekly maximum by compressing the full remaining balance of the original award into the remaining weeks before the children's eighteenth birthdays.

It appears that the Commission erroneously viewed the award of $68,016 as a vested entitlement. We interpret the original award to be the maximum amount which could be payable to the Kenner family. The amount was based on two statutory maximums, to wit, $218 for 312 weeks. However, in order for this maximum amount to be collected, at least one of the dependents had to remain dependent throughout the full 312 weeks. That may not occur since Mrs. Kenner has remarried and both children have attained or will attain the age of eighteen years after 286 weeks and presumably will then no longer be dependent. Under section 35–1–74, the original award, although not exhausted, ceases.

The net effect of the Commission's decision is to allow the two Kenner children to

·collect compensation for support beyond their eighteenth birthdays without any showing of dependency. We can find no support in the statutes for that result.

The order of the Commission is reversed, and the case is remanded to the Commission to decrease the weekly benefits to $218 per week and to allow the children, if they so request, the opportunity to prove their dependency beyond their eighteenth birthdays up to but not exceeding the 312 weeks.

HALL, C.J., concurs.

ZIMMERMAN, Justice (concurring):

I agree with Justice Durham that we do defer to an administrative agency in interpreting a special law. However, I do not think that the interpretation the Commission has placed on sections 35–1–73 and 35–1–74 of the Code falls "within the limits of reasonableness or rationality." I find no leeway in the plain language of the statute for permitting the Commission to allow the Kenner children to collect compensation not otherwise due them beyond their eighteenth birthdays without any showing of dependency.

DURHAM, Justice (dissenting):

I dissent. I believe that the majority opinion has failed to apply the standard of review appropriate to this case and has inadequately assessed the policy implications of its interpretation of the statutes at issue.

The majority opinion offers its interpretation of the statutes with no deference to that given by the Industrial Commission. Were this a case presenting an issue of general statutory interpretation, the approach taken by the majority opinion would be entirely appropriate because we are not bound by a lower court's interpretation of general law. *See Utah Department of Administrative Services v. Public Service Commission,* 658 P.2d 601, 608 (Utah 1983); *Olwell v. Clark,* 658 P.2d 585, 586 n. 1 (Utah 1982); *Automotive Manufacturers Warehouse, Inc. v. Service Auto Parts,* 596 P.2d 1033, 1036 (Utah 1979); *see also Gonzales v. Morris,* 610 P.2d 1285, 1286

(Utah 1980) (legislative intent is a matter of law, not fact).

We have, however, recognized an exception to that rule when an administrative agency has interpreted a "special law." In *Utah Department of Administrative Services,* we stated:

[Questions of special law] are the Commission's interpretations of the operative provisions of the statutory law it is empowered to administer, especially those generalized terms that bespeak a legislative intent to delegate their interpretation to the responsible agency. In reviewing agency decisions of this type, we apply what we have called the "time honored rule of law ... that the construction of statutes by governmental agencies charged with their administration should be given considerable weight...." *McPhie v. Industrial Commission,* Utah, 567 P.2d 153, 155 (1977); *West Jordan v. Department of Employment Security,* Utah, 656 P.2d 411 (1982). An agency's interpretation of key provisions of the statute it is empowered to administer is often inseparable from its application of the rules of law to the basic facts, discussed above. In reviewing decisions such as these, a court should afford great deference to the technical expertise or more extensive experience of the responsible agency. *Salt Lake Corp. v. Department of Employment Security, supra; Central Bank & Trust Co. v. Brimhall,* 28 Utah 2d 14, 18, 497 P.2d 638, 641 (1972).

658 P.2d at 610 (footnote omitted).

An administrative agency's interpretation of a special law will be upheld if it "fall[s] within the limits of reasonableness or rationality." *Id.* The Industrial Commission is an agency whose decisions are entitled to the deferential standards of review set out in *Utah Department of Administrative Services. See Van Waters & Rogers v. Workman,* 700 P.2d 1096 (Utah 1985) (deferring to a finding of fact under the standard of deference set forth in *Utah Department of Administrative Services* ).

Thus, the issue is not, as the majority opinion assumes, "What interpretation would we give the provisions at issue?" Rather, the issue is whether the interpretation given by the Commission "fall[s] within the limits of reasonableness or rationality."

I believe that the Commission's interpretation meets this standard. Utah Code Ann. § 35-1-73 (1986) states: "If there are other dependents remaining at the time of remarriage, benefits payable under this title shall be paid to such person as the commission may determine, for the use and benefit of the other dependents, the weekly benefits to be paid at intervals of not less than four weeks." The Commission interprets this section as requiring it to pay the amount already determined as payable under Utah Code Ann. § 35-1-68 (1986) for the benefit of the other dependents. This interpretation does not, as the majority opinion alleges, ignore what the majority refers to as the "cap" of 85 percent of the state average weekly wage established by section 35-1-68(2)(b)(i); rather, the Commission treats that section as controlling the calculation of the amount of benefits due the dependents, but applies section 35-1-73 to determine to whom and how frequently those benefits should be paid in the case of remarriage. I cannot find that the Commission's interpretation is irrational.

In considering whether an agency's interpretation is rational, we consider the interpretation "in light of the public policy sought to be served" by the statute at issue. *Utah Department of Administrative Services*, 658 P.2d at 611. The majority opinion states that the policy underlying section 35-1-73 is to encourage remarriage, but it rejects an interpretation under which remarriage results in retention by the surviving family of the same benefits it would have received if no remarriage had occurred and adopts instead an interpretation under which dependent children are penalized for the remarriage of their surviving parent.

In short, I decline to join the majority opinion because it ignores principles of appellate review and gives short shrift to the policy underlying section 35-1-73.

STEWART, A.C.J., concurs in the dissenting opinion of DURHAM, J.