## IN THE SUPREME COURT OF MISSISSIPPI
### NO. 95-CA-00225-SCT

*TINA LOUISE COOK, EXECUTRIX FOR THE*
*ESTATE OF CATHY S. COOK*

*v.*

*MARDI GRAS CASINO CORPORATION AND IGT-*
*NORTH AMERICA, INC.*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/06/95 |
| TRIAL JUDGE: | HON. JERRY OWEN TERRY SR. |
| COURT FROM WHICH APPEALED: | HANCOCK COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | R. JACK BRANTLEY JR. |
| ATTORNEYS FOR APPELLEES: | RICHARD W. SLIMAN |
| | BEN H. STONE |
| | SCOTT E. ANDRESS |
| | STEPHEN A. ANDERSON |
| | W. BRIGGS HOPSON, III |
| NATURE OF THE CASE: | CIVIL - TORTS (OTHER THAN PERSONAL INJURY AND PROPERTY DAMAGE) |
| DISPOSITION: | AFFIRMED - 6/19/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 7/10/97 |

**BEFORE DAN LEE, C.J., McRAE AND SMITH, JJ.**

**SMITH, JUSTICE, FOR THE COURT:**

¶1. The Appellant prays for relief from the judgment of the Circuit Court of Hancock County, wherein that court dismissed her claim on the grounds that it lacked jurisdiction to hear the claim and on the grounds that the appellant had not exhausted all her administrative remedies. Additionally, the appellant alleges as error that the court should have found that it had jurisdiction to hear the appellant's common law claims, and that the lower court should have granted the appellant's motion to amend complaint. This Court finds that the appellant's claims are wholly without merit, and affirms the ruling of the trial court.

## FACTS

¶2. On June 10, 1993, Cathy Hinckley Cook, also referred to as Cathy Sue Cook and Cathy S. Cook, won $235,293.89 by playing a Quartermania slot machine at Casino Magic in Bay St. Louis. Pursuant to the authority of the State Gaming Commission, jackpots or winnings over $100,000 may be paid out in annual installments over a twenty year period. Upon validation of Cook's win, IGT Corporation, appellee and duly licensed operator of the slot machine, tendered to Cook a check for $11,176.46, which equals 1/20 of the total jackpot minus the mandatory withholding of 5% state income tax. Cook accepted and negotiated this check, as well as all subsequent checks.

¶3. Apparently dissatisfied with the periodic payment arrangement, Cook's attorney notified Casino representatives that Cook expected immediate payment of gaming winnings in full, and provided written notice to that effect on July 8, 1993. After Casino Magic responded by letter dated July 14, 1993, that it refused to pay the winnings in one lump sum, Cook formally notified the Commission of this dispute on August 19, 1993, claiming that the slot machines at Casino Magic did not comply with Mississippi Gaming Commission regulations regarding the periodic payment of winnings, and thus Cook should be entitled to full payment of her winnings. Following receipt of Cook's notification, Chuck Patton, interim executive director of the Mississippi Gaming Commission subsequently conducted an investigation into the matter and determined that Cook's claim had no merit. By letter dated October 28, 1993, the Commission notified Cook's attorney that its investigation found that the Quartermania slot machines at Casino Magic complied with Gaming Commission regulations. Therefore, periodic payment was proper and Cook's claim was without merit. Cook thereafter filed this action in the Circuit Court of Hinds County, demanding that IGT and/or Casino Magic immediately tender her a sum equal to the remaining nineteen installments due to her. The Hinds County Circuit Court gave Cook leave to amend her complaint to include the Gaming Commission, which she subsequently failed to do. The Hinds County Circuit Court then transferred the case to the Hancock County Circuit Court. There, the court found that it had no jurisdiction to hear the case in that Cook had failed to appeal the decision of the executive director to the full Commission as she was required to do under Miss.Code Ann. § 75-76-161(1) through (3) (1972). The court also ruled that it was without authority to hear the common law claims attached to the complaint and dismissed Cook's case. Aggrieved, Cook appealed. Subsequent to filing her appeal, Cathy S. Cook died on January 22, 1997. Tina Louise Cook, Executrix for the Estate of Cathy S. Cook is now substitute appellant.

## STANDARD OF REVIEW

¶4. In *Miss. Dept. of Environmental Quality v. Weems*, 653 So. 2d 266, 273 (Miss. 1995), this Court stated that:

> [O]ur Constitution does not permit the judiciary of this state to retry *de novo* matters on appeal from administrative agencies. Our courts are not permitted to make administrative decisions and perform the functions of an administrative agency. Administrative agencies must perform the functions required of them by law. When an administrative agency has performed its function, and has made the determination and entered the order required of it, the parties may then appeal to the judicial tribunal to the hear the appeal. *The appeal is a limited one . . . since the courts cannot enter the field of administrative agency. The court will entertain the appeal to*

*determine whether or not the order of the administrative agency (1) was supported by substantial evidence, (2) was arbitrary and capricious, (3) was beyond the power of the administrative agency to make, or (4) violated some statutory or constitutional right of the complaining party.*

*quoting* **State Tax Commission v. Earnest,** 627 So. 2d 313, 319 (Miss. 1993) (emphasis in original).


## DISCUSSION OF LAW

¶5. The issues raised by Cook can most succinctly be stated as follows:

### I. WHETHER THE CIRCUIT COURT ERRED IN FINDING THAT IT HAD NO JURISDICTION TO HEAR THIS CASE.

¶6. Miss. Code Ann. § 75-76-157(2) (1972) states that "a claim by a patron of a licensee for payment of a gambling debt not evidenced by a credit instrument may be resolved by the executive director [of the Mississippi Gaming Commission] in accordance with sections 75-76-159 through 75-76-165, inclusive." Miss. Code Ann. § 75-76-159(1) (1972) states that:

> whenever a licensee refuses payment of alleged winnings to a patron, the licensee and the patron are unable to resolve the dispute to the satisfaction of the patron and the dispute involves (a) at least Five Hundred Dollars ($500.00), the licensee shall immediately notify the executive director . . . The executive director shall conduct whatever investigation is deemed necessary and determine whether payment should be made.

Finally, Miss. Code Ann. § 75-76-161 (1) through (3) state that:

> (1) Within twenty (20) days after receipt of the written decision of the executive director, the aggrieved party may file a petition with the Commission requesting a hearing to reconsider the decision.

> (2) The petition must set forth the basis of the request for reconsideration.

> (3) If no petition for reconsideration is filed within the time prescribed in subsection (1) of this section, the decision shall be deemed the final action on the matter and is not subject to reconsideration by the executive director or review by the Commission or review by any court.

In simple terms the preceding statutes state that the executive director of the Gaming Commission has authority to investigate and adjudicate disputes between casino patrons and casinos. After the executive director has investigated and made a determination as to a dispute, if either party is dissatisfied, that party has twenty days to petition the executive director for a reconsideration. If neither party does so in that time, then the matter is closed, and cannot be pursued any further. Therefore, after receiving the notification of Chuck Patton's determination in the dispute on October 28, 1993, Cathy Cook had until approximately November 17, 1993 to file a petition for rehearing with the Commission. This she did not do. As a result, this matter was statutorily closed as of that date, and no court, including the Hancock County Circuit Court, had authority to reopen or hear the matter.

¶7. Cook states that the decision of the executive director was ineffective because (1) the licensees, Casino Magic and IGT, never notified the Commission that a dispute existed; (2) that a decision on the claim was not issued within thirty days of the executive director's being notified by Cook of the dispute as is required under Miss.Code Ann. 75-76-159; (3) that the deputy director (who was also interim executive director at the time of the investigation) was the person who issued a decision; (4) that only Cook's attorney was mailed a decision in the matter; and that (5) the mailed notice of the decision was neither registered nor certified.

¶8. First, the important thing to remember in this case is that the Commission was notified and that the executive director did indeed render a decision. Although a statute may require that agency action occur within a stated time period, courts have generally held that such time limits are directory, not mandatory, and refuse to invalidate agency action merely because the time limits have been violated. Generally, courts have held that a statutory time period is not mandatory unless it both expressly requires an agency or public official to act within a particular time period *and imposes a consequence for failure of compliance.* (emphasis added). ***Meliezer v. Resolution Trust Co.,*** 952 F. 2d 879, 883 (5th Cir. 1992) (exhaustion of administrative remedies is prerequisite to maintenance of suit against RTC, and RTC did not waive statutory exhaustion requirement by failing to mail out notice of plaintiffs' right to present claims), (*citing* ***Forth Worth Nat'l Corp. V Federal Sav. & Loan Ins. Corp.***, 469 F. 2d 47 (5th Cir. 1972); ***United States v. Boccanfuso,*** 882 F. 2d 666 (2d Cir. 1989); ***Saratoga Sav. & Loan Ass'n v. Federal Home Loan Bank Bd.,*** 879 F. 2d 689 (9[th]Cir. 1989); ***Twin Pines Coal Co. v. United States Dep't of Labor,*** 854 F. 2d 1212 (10th Cir. 1988); ***Navistar Int'l Transp. Corp. v. United States Envtl. Protection Agency,*** 858 F. 2d 282 (6th Cir. 1988), *cert. denied*, 490 U.S. 1039, 109 S. Ct. 1943, 104 L. Ed. 2d (1989)).

¶9. A case practically on all fours with the case *sub judice* is ***Brown v. Pumpian,*** 504 So. 2d 481 (Fla. App. 1 Dist. 1987), wherein that court held that (statutory provision that Deputy Director of Workers' Compensation Commission "shall" hold hearing within ninety days after request in workers' compensation proceeding is directory rather than mandatory). In ***Cudal v. Sunn***, 69 Haw. 336, 742 P. 2d 352 (Haw. 1987) that court held, (seemingly absolute time periods for administrative action are often considered mere guides for the conduct of business with dispatch and for orderly procedure). *See also,* ***Carlson v. State***, 722 P. 2d 775 (Utah 1986), where that court decided that (failure of district court to render decision affirming administrative action within sixty days does not divest administrative tribunal of jurisdiction over case, as calendar directives were not intended by legislature to be jurisdictional).

¶10. Although Miss. Code Ann. § 75-760159(2) (1972) provides a specific time limit of thirty days for Gaming Commission action, it does not provide any express consequences for failure of compliance. We hold that the statute's time limit for Gaming Commission action is merely directory rather than mandatory and any failure by the Commission to reach a decision within that time frame did not divest the Commission entirely of its exclusive jurisdiction over Cook's claim.

¶11. Further, this Court finds no cognizable distinction between an interim executive director and an executive director for the purposes of carrying out intent of the statute. One is simply temporarily assuming the duties of the office until a more permanent replacement can do so. Finally, it seems of no merit that only Cook's attorney was mailed notice of the decision and that such notice was not registered or certified, since Cook was the only party who would be aggrieved of the decision and

would want to appeal it and because it is undisputed that Cook's attorney did actually receive the notice on October 28, 1993. Regardless, Cook has shown no prejudice resulting from these alleged errors. Accordingly, this Court finds that this issue, and by extension, this appeal, is meritless.

## II. WHETHER THE CIRCUIT COURT ERRED IN FINDING THAT IT HAD NO JURISDICTION TO HEAR THE APPELLANT'S COMMON LAW CLAIMS.

¶12. Cook further claims that the casino placed her in a false light by advertising that she had won the jackpot. However, the entirety of her argument is as follows:

> Specifically not governed by either the statutes or the rules of the Mississippi Gaming Commission is Appellant's complaint that she has been placed in a false light by the advertising of the Appellees. As demonstrated by Exhibit "1" to the Complaint, CATHY HINCKLEY COOK was advertised to have won $235,293.89. She did not. She won an amount not in excess of $70,000.00. The misrepresentation and false light placed upon CATHY HINCKLEY COOK have caused her embarrassment and harassment within the community and represent a cause of action separate and distinct from that pled in the Motion to dismiss.

Appellant's brief at 6. Cook cites no authority in support of her contention that she has been placed in a false light, nor tries to substantiate the claim that she did not win any more than $70,000. As a result, this Court refuses to consider this issue for the failure to support the already sparse argument with any authority whatsoever. *Brown v. State*, 534 So. 2d 1019, 1023 (Miss. 1988).

¶13. Even if we wished to consider the issue, the result would be no different. This claim is based upon Hinckley's likeness being placed in the *Clarion-Ledger* above a notice that she had won a jackpot of over $235,000. In *Prescott v. Bay St. Louis Newspapers, Inc.*, 497 So. 2d 77, 79 (Miss. 1986), this Court implicitly recognized a claim of Tortious Invasion of Privacy through Publicity Placing a Person in a False Light. Therein, the Court stated that the elements of the claim are (a) the false light in which the other was placed would be highly offensive to a reasonable person, and (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed.

¶14. An examination of these factors would probably demonstrate why Cook did not address this issue in her brief before the Court: she could not make a showing to satisfy either element. First it is doubtful that a reasonable person would be offended that others knew that she had won a large sum of money. In any case, a reasonable person who did not want the fact publicized would not pose for a picture as Cook did. Secondly, it cannot be shown that either appellee acted in reckless disregard of any falsity since it is undisputed that Cook won over $235,000. Cook cannot satisfy the elements of this claim.

¶15. For both of the foregoing reasons, this issue is meritless.

## III. WHETHER THE CIRCUIT COURT ERRED IN FAILING TO GRANT APPELLANT'S MOTION TO AMEND HER COMPLAINT.

¶16. Although Cook cited this as an issue in her statement of issues, she failed to brief the Court as to this issue altogether. Therefore, this Court finds that the issue is waived not only for the failure to cite

authority, but the failure to address the issue. *See **Brown v. State,** supra*. However, as in the preceding section, even if we addressed this issue, the result would be identical.

¶17. Cook asked the Hinds County Circuit Court for leave to amend the complaint to include the Gaming Commission as a defendant. The court gave Cook leave to do so, but she never amended the complaint. The court subsequently transferred the case to Hancock County Circuit Court. At the hearing where the Hancock County Circuit Court determined that it had no jurisdiction to hear the complaint, the court delayed ruling on the question of whether it would allow Cook to amend her complaint. As a matter of fact, there is no showing in the record that the court ever approved or denied a motion to amend the complaint. Since there is no evidence of such in the record, this Court has no basis from which to issue a ruling.

¶18. For the foregoing reasons, this Court finds this issue, as well as this appeal, to be meritless.

## CONCLUSION

¶19. This Court affirms the decision of the Hancock County Circuit Court as to this matter in that Cook failed to exhaust her administrative remedies as provided by statute. As a result, the Circuit Court was statutorily barred from consideration of the case. Further Cook's allegations that the court erred in failing to consider the common law claims and in failing to grant leave to amend her complaint are without merit because she has either failed to support her argument with authority or has failed to address the issue altogether.

¶20. **JUDGMENT AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, ROBERTS AND MILLS, JJ., CONCUR. McRAE, J., CONCURS IN RESULT ONLY.**