267 P.2d 914

**ALVORD**

v.

**BOARD OF REVIEW OF INDUSTRIAL COMMISSION.**

No. 8099.

Supreme Court of Utah.

March 3, 1954.

Bullen & Olsen, Logan, for plaintiff.

Fred F. Dremann, Salt Lake City, E. R. Callister Attorney General for defendants.

JEPPSON, District Judge.

This is a proceeding to review a decision of the Board of Review of the Industrial Commission of Utah, Department of Employment Security. The Board of Review on August 27, 1953, upheld the decision of the Appeals Referee on June 30, 1953, which sustained the decision of the Department representative, who, on May 21, 1953, disqualified Bessie Alvord, the plaintiff, from receiving unemployment benefits for the week ending January 10, 1953, and also disqualified her from receiving benefits for 51 weeks thereafter, and until she refunded $248 to the Department of Employment Security.

The decision of the Department representative and the sustaining decisions by the Appeals Referee and the Board of Review, were based primarily upon a written statement of the applicant signed in connection with an investigation concerning her eligi-

bility for benefits under the Utah Employment Act.[1]

The plaintiff on January 7, 1953, applied for benefits, stating that her employment with Sears Roebuck & Company had terminated December 23rd, 1952, because of a "reduction in force" and that she was "able to work and available for work." She filed weekly claims from the week ending January 10, 1953, through the week ending April 11, 1953, and each time certified that she was "able to work and available for work." During said period she was paid a total amount of $248.

On April 14, 1953, she filed a statement saying that she was only available for work between the hours of 12 noon and 5 p.m. An investigation was undertaken by the Department of Security, herein called the "Department," following this limitation in plaintiff's statement of her ability and availability. The representative making the inquiry obtained the statement in question on April 21, 1953, from the plaintiff. It reads as follows:

"I started working for Sears on a part time basis in July of '52, and in December I made arrangements to work full time, however after Xmas I was placed on a part time status. I am not able to work full time because of my family and household activities. I have not been able to work full time since December. I made a special effort to work full time at Xmas but I have felt since that I could not do it. On my part time work it averages between 20 and 30 hours per week with hours from 12 to 5. Since signing the statement on January 27, 1953, I find a change of conditions at home which more or less require my presence. I have made no other effort to secure work but I have been mainly interested in work at Sears."

The defendant held that the plaintiff had knowingly withheld a material fact in each of her numerous applications, regarding her nonavailability for full time work. The statement of April 21, 1953, constituted evidence on plaintiff's mental attitude on whether she thought her home conditions would permit her to work, and on her availability for work. There were parts of the April 21 statement that were inconsistent with the agreed facts in the case.

She explained at the hearings that she was referring to conditions on April 21, and not the conditions as they existed from January 4, 1953. The written admission of April 21 had to be construed by the trier of the facts in view of the purpose for which it was prepared, and without including admissions that were not reasonably inferred therefrom.[2]

1. Title 35–4–4, Utah Code Annotated 1953.

2. 31 C.J.S., Evidence, § 377, page 1161; 22 C.J. page 417, note 61; Cerny v. Secor, 211 Iowa 1232, 234 N.W. 193 at page 195.

390

The written admission of April 21, together with the testimony taken at the hearings was, as a whole, reasonably susceptible of the construction placed thereon, that her availability for work was limited, and that because of her household duties she did not desire work other than part time during said period for which she was paid. The finding on her nonavailability was a finding of fact, and the construction of the admission was properly made in connection therewith. Title 35–4–10(i) Utah Code Annotated 1953, provides for an appeal to the Utah Supreme Court from the Board of Review, but it limits the jurisdiction of this court as follows:

"In any judicial proceeding under this section the findings of the commission and the board of review as to the facts if supported by evidence shall be conclusive and the jurisdiction of the said court shall be confined to questions of law."

We are of the opinion that the issues involved were issues of fact, well supported by the evidence, and that the decision of the Board of Review was conclusive thereon.

The Decision of the Board of Review is sustained.

McDONOUGH, CROCKETT, HENRIOD and WADE, JJ., concur.

WOLFE, C. J., being disqualified does not participate herein.