477 P.2d 587

Martin J. MARTINEZ, Plaintiff,

v.

BOARD OF REVIEW, DEPARTMENT OF
EMPLOYMENT SECURITY, Defendant.

No. 12054.

Supreme Court of Utah.

Dec. 1, 1970.

Richard L. Young, Salt Lake City, for plaintiff.

Fred F. Dremann, Salt Lake City, for defendant.

CALLISTER, Justice:

Claimant, Martinez, commenced an action in this court to review the decision of the Board of Review, Department of Employment Security. The Board affirmed a decision of a Department representative and an Appeals Referee on the ground that claimant's personal problems and his obvious failure to take those actions which customarily an individual who is unemployed and seeking work would attempt to do, indicate that claimant was not "available for work" within the meaning of the Act, Title 35, Chapter 4, U.C.A.1953.

Claimant asserts that there is evidence in the record to support a finding that he was available for work and that the Department, therefore, erred in its determination.

Both parties cite Gocke v. Wiesley,[1] wherein this court stated that under Section 35–4–4(c), U.C.A.1953, eligibility for compensation is not established by showing a passive willingness to gain employment; the claimant must act in good faith and make an active and reasonable effort to secure employment.

The Appeals Referee found the following facts: Claimant's wife had had a health problem for more than a year, which had required him to miss work and caused him to lose his last three jobs. Claimant's wife was confined in the hospital in Provo, Utah; when he left his last employment, he was attempting to secure her release. Claimant was contacted by telephone on September 17 and 18 and requested to come in for referral employment; he responded that he was unable to come and proffered no specific excuse. A few days later he reported to the employment office, but the positions had been filled. He subsequently explained that he had been unable to report at the time he was first called because he was involved with his wife and her problem. On September 25, 1969, claimant was referred to the University of Utah but failed to keep his appointment because it was necessary to attend a hearing for his wife on that date; he made no attempt to arrange another appointment. Claimant personally contacted only one employer, Kennecott Copper Corpora-

tion, during this period; he submitted an application.

The Appeals Referee found that claimant's unemployment appeared to be the result of personal problems rather than a lack of suitable job opportunities. Until claimant's wife was released from the hospital, it appeared that his efforts to secure employment were passive in nature rather than an active and reasonable effort to secure employment as required by the Act. The Referee cited as evidence the claimant's failure to respond immediately to the call-in requests and to follow up on the appointment at the University; and finally the fact that he had only personally gone to see one employer during this time, until he saw the employer who hired him on October 20, 1969. The Referee determined that claimant was not available for work from September 14 to October 18, 1969, and accordingly denied his claim.

Section 35–4–10(i), U.C.A.1953, provides:

\* \* \* In any judicial proceeding under this section the findings of the commission and the board of review as to the facts if supported by evidence shall be conclusive and the jurisdiction of said court shall be confined to questions of law. \* \* \*

In Gocke v. Wiesley[2] this court stated that a reversal of an order denying compensation can only be justified if there be no

1. 18 Utah 2d 245, 249, 420 P.2d 44 (1966).

2. Footnote 1, supra.

substantial evidence to sustain the determination, and there is proof of facts giving rise to the right of compensation so clear and persuasive that the refusal to accept and make an award was clearly capricious, arbitrary and unreasonable.

\* \* \* It is our duty to examine the record and to affirm the decision unless we can say as a matter of law that the conclusion on the question of "available for work" was wrong because only the opposite conclusion could be drawn from the facts. \* \* \*[3]

In the instant review, claimant does not dispute the facts as found but asserts that the Referee omitted from his findings certain undisputed material facts, which would sustain a finding that claimant was available for work. This assertion completely disregards the limited jurisdiction of this court in this action. A review of the record reveals substantial, competent evidence to sustain the findings and decision of the Appeals Referee and the Board of Review; in such a case, this court may not set aside the decision even though we might have reached a different result.[4]

The decision of the Board of Review is affirmed. No costs awarded.

CROCKETT, C. J., and TUCKETT, HENRIOD and ELLETT, JJ., concur.

3. Gocke v. Wiesley, at p. 249 of 18 Utah 2d, at p. 46 of 420 P.2d.
4. Members of Iron Workers Union of Provo v. Industrial Comm., 104 Utah 242, 248, 139 P.2d 208 (1943); Alvord v. Board

of Review of Industrial Comm., 1 Utah 2d 388, 390, 267 P.2d 914 (1954); Teamsters, Chauffeurs, etc., v. Orange Transportation Co., 5 Utah 2d 45, 48, 50, 296 P.2d 291 (1956).