BOX ELDER COUNTY, Plaintiff,

v.

INDUSTRIAL COMMISSION OF UTAH, Unemployment Compensation Appeals Board, and Ellis V. Flint, Defendants.

No. 17367.

Supreme Court of Utah.

June 26, 1981.

Jon J. Bunderson, Brigham City, for plaintiff.

David L. Wilkinson, Floyd G. Astin, K. Allan Zabel, Salt Lake City, for defendants.

STEWART, Justice:

Pursuant to § 35–4–10, Utah Code Ann. (1953), as amended, plaintiff appeals a final order of the compensation appeals board of the Utah State Industrial Commission which awarded defendant Ellis Flint unemployment compensation benefits.

Section 35–4–5(a) of the Utah Employment Security Act requires a denial of benefits if a claimant voluntarily quits without good cause. Plaintiff contends that as a matter of law the evidence does not support the Board's finding that defendant Ellis V. Flint quit with good cause.

In 1978 Flint ran for the office of county auditor of Box Elder County. During the campaign he suffered a coronary attack and was hospitalized for a period of time, thereby limiting his ability to campaign. Flint lost the election. In 1979 he was hired by Box Elder County as a maintenance superintendent at a salary higher than that earned by the County Auditor. Approximately one year later, Flint voluntarily quit and filed for unemployment benefits.

Flint was denied benefits on May 20, 1980. He then requested and obtained a hearing by an appeals referee. Flint testified that he was forced to quit as a result of harassment by the Box Elder County Auditor and that much of the tension between the Auditor and him resulted from the Auditor's demand that Flint keep detailed time cards—a requirement not made of other department heads. Other testimony supporting Flint's contention of harassment by the Auditor was given by Don Chase, Flint's supervisor.

The appeals referee found that Ellis Flint voluntarily left work without good cause and therefore did not qualify for unemployment compensation:

> Although the claimant may have been unduly singled out to submit the report of his hours, compliance with that request would not have created a significant hardship on the claimant .... It is concluded that it was the claimant's resistance that caused his physical symptoms, rather than the actual job duty; and he could have reduced the threat to his health without quitting his job.

Subsequent to the hearing Flint submitted a letter from his physician which stated:

> [H]ad I been consulted with respect to this condition, it would have been my advice that Mr. Flint remove himself from this stressful situation which was precipitating his coronary disease. As I would have anticipated, his pain has stopped since he has been relieved of this.

On September 2, 1980, the Board of Review reversed the decision of the appeal referee. The Board stated:

> [A]lthough the medical claimant's medical condition was exacerbated by the County Auditor's requirement of time reporting, with which the claimant disagreed, the fact remains that the claimant did have a medical condition. In addition, the only evidence of record in this case indicates that the claimant was being required to make reports which were not required of other department heads. Because of the treatment being accorded to him by the employer, the claimant began experiencing angina. Under such circumstances it must be considered that the claimant left work with good cause.

Flint has the burden of establishing that the condition complained of actually existed and that it was sufficient to cause him to leave work when he did. To show that the burden was not met, plaintiff argues that Flint was not advised by his physician to quit his job and that the only medical evidence appearing in the record is the letter from Dr. Blanch which was submitted subsequent to the appeal referee's hearing.

Plaintiff's argument that Flint was not advised by his physician to quit his job is only a factor to be considered. A claimant who is physically or emotionally unable to continue work need only offer competent testimony that adequate health reasons existed to justify termination. He need not necessarily prove that he was advised by his physician to quit his job. *Deiss v. Unemployment Compensation Board of Review*, 475 Pa. 547, 381 A.2d 132 (1977).

Plaintiff's objection to the post-hearing submission of Dr. Blanch's letter is without merit. Under § 35–4–10(d)(2), Utah Code Ann. (1953), the Board of Review is not limited to consideration of that evidence previously submitted in the administrative process but may consider additional evidence as well.

The evidence is sufficient to support the finding of the Board of Review that Flint left his employment with good cause. The Board's findings, once found to be supported by the evidence, are binding and will not be disturbed. *Martinez v. Board of Review*, 25 Utah 2d 131, 477 P.2d 587 (1970); § 35–4–10(i), Utah Code Ann. (1953), as amended.

Affirmed. No costs.

MAUGHAN, C. J., and HALL, HOWE and OAKS, JJ., concur.