**Mark T. HAYWOOD, Plaintiff,**

v.

**The INDUSTRIAL COMMISSION OF UTAH, DEPARTMENT OF EMPLOYMENT SECURITY, Defendant.**

**No. 17372.**

Supreme Court of Utah.

Feb. 16, 1982.

N.E.2d 28 (1959); *People v. Conley*, 110 Cal. App.2d 731, 243 P.2d 874 (Dist.Ct.App.1952);

*State v. Odell*, 38 Wash.2d 4, 227 P.2d 710 (1951).

Ray S. Stoddard, Salt Lake City, for plaintiff.

K. Allen Zabel, Robert B. Hansen, Salt Lake City, for defendant.

PER CURIAM:

This is a review of an order of the Industrial Commission affirming the decision of its appeal referee which denied unemployment benefits[1] for which the claimant, Haywood, had applied. The denial was based on two grounds: (a) that Haywood left his employment without good cause, and (b) that he failed to divulge that he had received benefits from subsequently obtained employment.

Haywood's own brief, accurately and candidly, recites sufficient admitted facts that appear to support the decision. His brief states the following facts, repeated verbatim.

<hr>

[1]. U.C.A., 1953, 35-4-5(a).

On May 13, 1979, the claimant filed a claim for unemployment benefits with the Department of Employment Security. Before receiving any benefits he found another job. The claimant worked for Gibbons & Reed from June 4, 1979, until October 19, 1979. On October 22, 1979, the claimant obtained employment with Monroc.

On December 5, 1979, the claimant walked off his job at Monroc. The incident that precipitated his walking off the job was his supervisor's refusal to let him leave work early to do some Christmas shopping when he had let other employees leave early, on other occasions, to do their Christmas shopping. The testimony also indicated that the claimant was bothered by a number of other problems at the job.

Exhibit 5, which is a report of work and earnings from Monroc, indicates that claimant worked for Monroc on December 3, 4 and 5, 1979. Exhibit 6, which is a verification of employment from Monroc, indicates that he was separated from Monroc on December 6, 1979.

On December 7, 1979, the claimant filed a request to reopen his claim for unemployment benefits. On this claim he stated that his last employer was Gibbons & Reed. The claimant also filed a claim for the week ending December 8, 1979, on which he did not disclose that he had worked during the week.

The claimant received 18 weekly benefit payments in the amount of $89.00 each for a total of $1,602.

Haywood urges on appeal that there was no finding as to how much money he had received in violation of the statute due to his failure to report such earnings that he was bound to report under the statute. This contention is not accurate, nor does it have merit, since the appeals referee found that "On the basis of his (Haywood's) certification (which was false), unemployment benefits in the amount of $89 were paid for each of those weeks for a total amount of $1,602."

It is axiomatic that this Court will affirm orders of the Commission where supported by substantial competent evidence.[2] The contentions that the Commission erred in 1) finding that Haywood left work without good cause, and 2) that he knowingly withheld material evidence, are unsupported by the facts, belie his own statements found in his brief, and ignore the impact of decisions such as *Martinez.*

Haywood's contention that his attachment to the labor market and lack of bad intentions somehow should have ameliorated a strict application of the statute in this case, overlooks the malum prohibitum nature of the act and the depth of its purpose. The facts here, as equated with the statute, do not support Haywood's thesis, but accentuate the correctness of the Commission's order.

The question raised as to the statute being a denial of equal protection because it penalizes one who leaves without good cause quite differently than one who leaves for good cause, appears to be without merit. Everyone in *either* class is treated the same.[3]

The order is affirmed, with no costs awarded.

DURHAM, J., does not participate herein.

---

**2.** *Martinez v. Board of Review*, 25 Utah 2d 131, 477 P.2d 587 (1970).

**3.** See *Mineer v. Board of Review*, Utah, 572 P.2d 1364 (1977).