**Abdul A. JABALI, Plaintiff,**

v.

**DEPARTMENT OF EMPLOYMENT SECURITY, Defendant.**

No. 18886.

Supreme Court of Utah.

June 14, 1983.

Abdul A. Jabali, pro se.

David L. Wilkinson, Atty. Gen., Floyd G. Astin, K. Allan Zabel, Sp. Asst. Attys. Gen., Salt Lake City, for defendant.

PER CURIAM:

Plaintiff Jabali seeks a review of the Industrial Commission's denial of unemployment compensation, based on his claim of leaving his employment *with* good cause. He pursued this review "pro se," without fully complying with the prerequisites for review and without citing any statutory basis for his claim or judicial authority to support it. The only record before us that is necessary for a decision here, is the transcript of his own testimony at a hearing before an appeal referee who denied the claim after finding the following condensed facts.

Jabali worked part-time at Friendship Manor, a local housing facility for the elderly, while attending the University of Utah. In August, 1981, he voluntarily left and moved to California. Plaintiff hoped to work with his brother, resident of Saudi Arabia, who planned a branch office of his construction company to be located in Modesto, California. Plaintiff's employment was to be on a salary, based on a "commission on the profit from the U.S. branch." The branch opened in·September or October, 1981, but never got off the ground, and was closed about six months later in April, 1982. Neither his brother nor anyone else hired plaintiff after he left Friendship Manor, where he could have remained at work. Even before his brother's branch was closed, plaintiff started looking for work in January, 1982, and he was still unemployed at the time of his hearing in September, 1982. He had no definite offer of a job when he left Friendship Manor, and none after leaving. He filed his unemployment claim in June, 1982.

On review, Jabali asserts that he obtained a position with his brother, his salary to be as stated above, but that the business failed completely because of the economy. The commission filed its answer brief and Jabali filed a reply thereto, in which he admitted leaving Friendship Manor voluntarily, asserting it would be "for a definite job." He contended that the Friendship Manor job would not thereafter be full-time, but he was confident that work with his brother would be. Such confidence proved to be misplaced, by the failure of the branch. He said he had delayed filing for compensation because he was looking for a job (which did not arrive), and that he did not want to stand in unemployment lines. He suggests that this Court should not blame him for leaving a part-time job to try and get a full-time job.

The commission denied benefits under U.C.A., 1953, § 35-4-5(a), because the defendant left work voluntarily without good cause. We are of the opinion that the evidence was substantial and competent to

sustain the denial of an award under the accepted rule that affirmance will follow such denial under such circumstances. The rule is reflected in the several pronouncements of this Court in such cases as *Martinez v. Board of Review,* 25 Utah 2d 131, 477 P.2d 587 (1970), and decisions therein cited.

The decision of the commission is affirmed.