**Louis J. RIZZO, Plaintiff,**

v.

**The INDUSTRIAL COMMISSION OF UTAH, Department of Employment Security, and Utah State Training School, Defendants.**

**No. 20815.**

Supreme Court of Utah.

Jan. 23, 1986.

Donald E. Elkins, Provo, for plaintiff.

K. Allan Zabel, Salt Lake City, for defendants.

PER CURIAM:

Plaintiff was employed as an institutional cook at the Utah State Training School from November 6, 1981, to December 14,

---

1984. He was dissatisfied with what he considered low wages and applied for employment as a Vocational Instructor Chef I at the Utah State Prison. Plaintiff received a letter inviting him for an interview for the prison job. On the day he received the letter, and before the interview, plaintiff resigned his job at the training school. He was not hired for the job at the prison.

Plaintiff applied for unemployment benefits, but the administrative law judge found that he had quit work voluntarily without good cause and denied benefits pursuant to U.C.A., 1953, § 35–4–5(a). The administrative law judge also found that a denial of benefits to plaintiff would not be against equity and good conscience. The Board of Review affirmed.

Plaintiff appeals the decision of the Board of Review, arguing (1) that he had a reasonable basis for believing that he had obtained a new job, and the administrative law judge ruled contrary to the weight of the evidence, and (2) that it is against equity and good conscience to deny benefits.

■ We have reviewed the record and find substantial evidence to support the findings of fact. The administrative law judge found that plaintiff did not have a reasonable expectation of a new job and therefore had no good cause to quit. Though plaintiff had been told by "several individuals" that he stood a good chance of being hired, he was not given such assurance from a person with authority to hire, nor was he given a definite date to begin work. Where the findings of fact are supported by substantial evidence, they are conclusive.[1] Since the findings are so substantiated, they are affirmed.

■ Neither do we disturb the Board's ruling on plaintiff's second issue. Plaintiff's actions in quitting before he had assurance of another job and before he had been given a definite date to begin working were unreasonable. Further, plaintiff did not at any time attempt to go back to his job at the training school, though his supervisor recommended on his termination papers that he be rehired if he sought his job back. Equity and good conscience do not dictate that he be awarded benefits under these circumstances. Affirmed.

---

1. U.C.A., 1953, § 35–4–10(i); *Martinez v. Bd. of Review*, 25 Utah 2d 131, 477 P.2d 587 (1970); *Whitney v. Bd. of Review*, Utah, 585 P.2d 780 (1978).