**Isabel Lena SMITH, Plaintiff,**

v.

**BOARD OF REVIEW OF the INDUSTRIAL COMMISSION OF UTAH, DEPARTMENT OF EMPLOYMENT SECURITY, Defendant.**

**No. 20884.**

Supreme Court of Utah.

Feb. 26, 1986.

Steven Boos, Mexican Hat, Paul Fyfe, Crownpoint, N.M., for plaintiff.

K. Allan Zabel, Salt Lake City, for defendant.

PER CURIAM:

The claimant Isabel Lena Smith appeals from a decision of the Board of Review disqualifying Smith from unemployment insurance benefits pursuant to section 35–4–5(a) of the Unemployment Compensation Act on the ground that she voluntarily left her employment without good cause and that it would not be against equity and good conscience to deny her benefits. We affirm.

Smith was employed as a data entry specialist for the University of Utah between November 7, 1983, and April 5, 1985. When her husband joined the armed forces and was assigned to a post in South Carolina, Smith left her job and moved with her two children to New Mexico to live with her husband's family, who would support her and her children while she looked for work. As reason for quitting she cited her inability to support her two small children on her net monthly income of $700 until her husband would be able to send her money. She did not know what his eventual pay would be but estimated it at between $650 and $700 a month. Her monthly living

expenses amounted to approximately $1,200. Smith quit under the impression that she would be able to find employment at $300 a month more than she had earned in Salt Lake City. At the time of the administrative hearing she had no prospects of work.

The Board of Review adopted the administrative law judge's conclusion that Smith's decision to quit and move to New Mexico without having other work arranged left her at risk for an extended period of unemployment, and that the evidence presented did not show a sufficiently adverse effect upon Smith's continued employment in Salt Lake City. Good cause for quitting was therefore not established. Under the equity and good conscience provision, the administrative law judge concluded, and the Board affirmed, that the reasonableness test had not been met and that no long term financial hardship had been substantiated, so that no mitigating circumstances existed to award benefits.

In her petition for review, Smith claims that she had good cause to leave her employment or alternately that she is entitled to unemployment benefits under the equity and good conscience standard of section 35–4–5(a) [1] of the Utah Unemployment Compensation Act.

Where the language of a statute indicates a legislative intention to commit broad discretion to an agency to effectuate the purposes of the legislative scheme, we will not substitute our judgment for that of the agency as long as the commission's interpretation has "warrant in the record" and a "reasonable basis in the law." *Salt Lake City Corp. v. Department of Employment Security*, Utah, 657 P.2d 1312 (1982). What constitutes good cause or equity and good conscience presents a mixed question of law and fact on which we defer to the commission, so long as its decision falls within the limits of reasonableness and rationality. *Gibson v. Board of Review*, Utah 707 P.2d 675 (1985); *Utah Department of Administrative Services v. Public Service Commission*, Utah, 658 P.2d 601 (1983); *Denby v. Board of Review*, Utah, 567 P.2d 626 (1977).

Good cause to quit has been limited by this Court to those instances where the unemployment is caused by pressures so compelling that a reasonably prudent person would be justified in quitting under similar circumstances. *Box Elder County v. Industrial Commission*, Utah, 632 P.2d 839 (1981). Good cause was not shown where claimants quit for philosophical reasons, *Gibson, supra, Swiecicki v. Department of Employment Security*, Utah, 667 P.2d 28 (1983), followed their spouses for professional changes, *Chandler v. Department of Employment Security*, Utah, 678 P.2d 315 (1984), *Child v. Board of Review*, Utah, 657 P.2d 1375 (1983), or left their secure job for a job prospect that did not materialize. *Rizzo v. Industrial Commission*, Utah, 716 P.2d 789 (1986); *Denby, supra*. Department of Employment Security rules and regulations provide that good cause is established if continuance of the employment would have had an adverse effect on the claimant which could not be controlled

---

1. 35–4–5. Ineligibility for benefits. An individual is ineligible for benefits or for purposes of establishing a waiting period:

(a) For the week in which the claimant left work voluntarily *without good cause*, if so found by the commission, and for each week thereafter until the claimant has performed services in bona fide covered employment and earned wages for those services equal to at least six times the claimant's weekly benefit amount. A claimant shall not be denied eligibility for benefits if the claimant leaves work under circumstances of such a nature that it would be *contrary to equity and good conscience* to impose a disqualification.

The commission shall, in cooperation with the employer, consider for the purposes of this act the reasonableness of the claimant's actions, and the extent to which the actions evidence a genuine continuing attachment to the labor market in reaching a determination of whether the ineligibility of a claimant is contrary to equity and good conscience.

Notwithstanding any other provision of this section, a claimant who has left work voluntarily to accompany, follow, or join his or her spouse to or in a new locality does so without good cause for purposes of this subsection. (Emphasis added.)

or prevented and necessitated immediate severance of the employment relationship. Department of Employment Security Rule A71–07–1:5(I)(B)(1). The administrative law judge expressly found that no such adverse effect existed upon Smith's continued employment in Salt Lake City. That finding is supported by record evidence. Smith quit on April 5 and was paid accumulated vacation pay through April 18. Her husband joined the armed forces on April 24. Nothing in the record indicates that he would not receive pay from the United States Government from that day forward. Good cause is not established if the claimant could have continued working while looking for other employment or could have preserved the job through reasonable alternatives. Department of Unemployment Security Rule A71–07–1:5(I)(B)(1)(b). Smith's mere fear that pay would be delayed for some time did not constitute good cause to leave the security of her employment in a densely populated metropolis for the very real threat of unemployment in the sparsely settled area to which she moved.

■ This Court has, as a matter of law, allowed benefits under the equity and good conscience standard, where the employees had shown a strong attachment to the work force and there existed mitigating circumstances which left the employee little choice but to quit. *Chapman v. Industrial Commission,* Utah, 700 P.2d 1099 (1985); *Salt Lake City Corp., supra.* The legislature establishes eligibility for benefits under the equity and good conscience standard through the existence of two factors, the reasonableness of the claimant's actions and the genuine continuing attachment to the labor market. U.C.A., 1953, § 35–4–5(a), *supra.* The Department of Employment Security delineates its requirements along similar guidelines. Department of Employment Security Rule A71–07–1:5(I)(C). The administrative law judge ruled, and the commission adopted that ruling, that the reasonableness test had not been met in that Smith had not substantiated any long-term financial hardship, so that no mitigating circumstances

existed. We do not endorse the administrative law judge's restrictive construction of equity and good conscience to require *long-term* financial hardship and accept Smith's reply that her move was intended to prevent economic hardship to her family. However, we cannot accept her argument that she had no other choice. The record shows that Smith elected to exchange assured income for uncertainty of employment. She left her job before searching for a new job. She chose a job market without first ascertaining whether wages would indeed be higher and available to her. These constitute facts which the administrative law judge considered unreasonable under the circumstances. Under our deferential standard of review we do not substitute our judgement for that of the commission.

Affirmed.