2011 UT App 137

**Brett WRIGHT, Petitioner,**

v.

**WORKFORCE APPEALS BOARD, Department of Workforce Services; and Bob's Tree Service, Inc., Respondents.**

**No. 20100523–CA.**

Court of Appeals of Utah.

May 5, 2011.

David K. Smith, Midvale, for Petitioner.

Jaceson R. Maughan, Salt Lake City, for Respondents.

Before Judges ORME, ROTH, and CHRISTIANSEN.

## MEMORANDUM DECISION

ORME, Judge:

■ ¶ 1 In this unemployment compensation case, Petitioner first argues that the Department of Workforce Services's administrative law judge erred by failing to permit Petitioner "to contact his witness ... before proceeding further with the hearing." But during the hearing, the ALJ tried to call Petitioner's witness at the telephone number Petitioner gave the ALJ and also instructed support staff to try to contact the witness. These attempts were unsuccessful, as was Petitioner's own attempt to call his witness.

■ ¶ 2 Litigants in an administrative hearing have a "due process right to receive a fair trial in front of a fair tribunal." *Bunnell v. Industrial Comm'n*, 740 P.2d 1331, 1333 (Utah 1987). When a party is appearing pro se, the hearing officer must accord the party due process of law, including the opportunity for a fair hearing, but the hearing officer is not required to assume the duties of counsel for that party during the administrative hearing. *See D.B. v. Division of Occupational & Prof'l Licensing*, 779 P.2d 1145, 1148 (Utah Ct.App.1989). Here, the ALJ made reasonable attempts to contact the witness and there is no indication in the record that the ALJ engaged in any "unlawful procedure" that violated Petitioner's due process rights. *See* Utah Code Ann. § 63G–4–403(4)(e) (2008) (stating that the appellate court shall grant relief if it determines that the petitioner has been substantially prejudiced because the agency has engaged in an unlawful procedure or decision-making process). Because Petitioner bears the responsibility for making sure his witnesses are available,[1] we are persuaded that the ALJ did not deny Petitioner a fair hearing.

■ ¶ 3 The parties agree that Petitioner asked for time off to go hunting between August 14 and August 24, 2009. Petitioner testified that, after he returned from his ten-day hunt, he called Employer several times between August 24 and August 27, 2009, and each time Employer told him no work was available. Contradicting Petitioner's testimony, Employer provided evidence that Employer had called Petitioner several times to ask him to work during that time period, failed to reach him, and left messages; that Petitioner never returned the calls or otherwise contacted Employer; and that Petitioner did not go in to work. The ALJ found Employer to be more credible, noting that Petitioner could not recall dates or if he received messages from Employer beginning August 24, 2009, and concluding that the strength of the combined testimony of Employer's witnesses and the phone records outweighed Petitioner's testimony. Petitioner argues that, even assuming Respondent Bob's Tree Service, Inc. (Employer) called him but was unable to reach him between August 24 and August 27, 2009, and that Petitioner did not call Employer during that time, Employer must have terminated him because Employer was unable to contact him regarding further work. Petitioner contends that termination under those circumstances would not constitute an appropriate basis for denying unemployment benefits. This argument is unpersuasive.

¶ 4 As an initial matter, Petitioner's argument begins with the mistaken assumption that the Workforce Appeals Board concluded that Employer terminated Petitioner's employment. Instead, the ALJ determined that Petitioner voluntarily quit his job. Thus, Petitioner's argument indirectly challenges that finding and the ALJ's credibility assessment on which the finding was based.

■ ¶ 5 After considering the conflicting evidence in this case, the ALJ found Employer to be more credible and the Board adopted this finding. When the evidence is disputed, as it was here, we defer to the Board's assessment of credibility and resolution of conflicting evidence. *See Grace Drilling Co. v. Board of Review*, 776 P.2d 63, 68

---

1. Before the hearing, Petitioner was instructed to ensure that his witnesses were available and ready to testify. The Notice of Unemployment Appeal Telephone Hearing, provided to Petition-er, stated: "If you wish to have someone testify, you must arrange for that person to be available at the time of the hearing."

(Utah Ct.App.1989) ("It is the province of the Board, not appellate courts, to resolve conflicting evidence, and where inconsistent inferences can be drawn from the same evidence, it is for the Board to draw the inferences."). Based on the evidence and in light of the credibility assessment, the Board also agreed with the ALJ's finding that Petitioner had voluntarily quit his job when he failed to respond to Employer's telephone calls. *See* Utah Admin. Code R994–405–101(1) ("A separation is considered voluntary if the claimant was the moving party in ending the employment relationship."). We review a determination regarding whether an employee voluntarily quit his job for abuse of discretion, upholding the Board's decision "so long as it is within the realm of reasonableness and rationality." *Arrow Legal Solutions Grp., PC v. Department of Workforce Servs.*, 2007 UT App 9, ¶ 6, 156 P.3d 830 (citation and internal quotation marks omitted). The Board's decision is well within those bounds. The Board's decision readily meets this standard.

 ¶ 6 Petitioner would nonetheless qualify for unemployment benefits if he had good cause to quit his employment. *See* Utah Code Ann. § 35A–4–405(1)(a) (Supp. 2010). "What constitutes good cause ... presents a mixed question of law and fact on which we defer to the [Board], so long as its decision falls within the limits of reasonableness and rationality." *Smith v. Board of Review*, 714 P.2d 1154, 1155 (Utah 1986). "To establish good cause, a claimant must show that continuing the employment would have caused an adverse effect which the claimant could not control or prevent. The claimant must show that an immediate severance of the employment relationship was necessary." Utah Admin. Code R994–405–102. To make this showing, a claimant must demonstrate that the adverse effect of continuing employment would constitute a hardship, that is, an "actual or potential physical, mental, economic, personal or professional harm caused or aggravated by the employment." *Id.* R994–405–102(1)(a).

¶ 7 Petitioner has not shown a hardship, the inability to control or prevent the adverse effect, or the necessity for immediate sever-

ance of the employment relationship. Regarding this issue, the Board stated as follows:

> Here, it does not appear that the Claimant quit for any reason related to his employment. The Claimant failed to establish that he would have suffered hardship or other harm by returning to work on August 24. He was not asked to perform illegal work or unsuitable new work and could have remained employed and performed the same type [of] work he had been performing for a number of months.

The Board concluded that Petitioner failed to establish good cause, stating that Petitioner "simply failed to describe an environment that was sufficiently harmful to justify his decision to quit his job." Based on the record in this case, we cannot say that the Board's conclusion that Petitioner voluntarily quit his job without good cause exceeded "the limits of reasonableness and rationality," *Smith*, 714 P.2d at 1155.

 ¶ 8 Finally, Petitioner argues that the ALJ erred by finding that Petitioner did not satisfy the equity and good conscience requirement. "A claimant may not be denied eligibility for benefits if the claimant leaves work under circumstances where it would be contrary to equity and good conscience to impose a disqualification." Utah Code Ann. § 35A–4–405(1)(b). As the moving party in this case, Petitioner bears the burden of establishing that he has satisfied the elements of equity and good conscience. *See* Utah Admin. Code R994–405–105.

 ¶ 9 Determining what constitutes equity and good conscience presents a mixed question of law and fact on which we defer to the Board, so long as its decision falls within the limits of reasonableness and rationality. *See Smith*, 714 P.2d at 1155. To establish that a denial of unemployment insurance benefits would be against equity and good conscience, the claimant must demonstrate, among other things, that he acted reasonably in deciding to quit. *See* Utah Admin. Code R994–405–103(1)(a). A "claimant acted reasonably if the decision to quit was logical, sensible, or practical. There must be evidence of circumstances which, although not sufficiently compelling to establish good

cause, would have motivated a reasonable person to take similar action." *Id.*

¶ 10 The Board stated that "[q]uitting a job prior to securing other employment is rarely practical. Further, it would have been logical and sensible for the Claimant to return the Employer's messages or check in with the Employer upon his return from vacation." Based on the record in this case, the Board did not abuse its discretion by finding that Petitioner's actions were not reasonable and by denying Petitioner unemployment benefits under the equity and good conscience standard.

¶ 11 We see no error in the Board's decision to affirm the ALJ's determination denying benefits. We decline to disturb it.[2]

¶ 12 WE CONCUR: STEPHEN L. ROTH and MICHELE M. CHRISTIANSEN, Judges.

---

**2.** Petitioner does not establish that his argument concerning his overpayment liability was advanced below or otherwise preserved. *See* Utah R.App. P. 24(a)(5)(A)-(B). Accordingly, we do not reach its merits.