IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Peter A. Davis, | ) | MEMORANDUM DECISION |
| | ) | |
| Petitioner, | ) | Case No. 20110688-CA |
| | ) | |
| v. | ) | |
| | ) | F I L E D |
| Department of Workforce Services, | ) | (June 1, 2012) |
| Workforce Appeals Board; and First | ) | |
| Choice Emissions and Inspections, | ) | 2012 UT App 158 |
| | ) | |
| Respondents. | ) | |

-----

Original Proceeding in this Court

Attorneys:    David J. Holdsworth, Sandy, for Petitioner
              Suzan Pixton, Salt Lake City, for Respondent Department of Workforce
              Services

-----

Before Judges Voros, Davis, and Roth.

VOROS, Associate Presiding Judge:

¶1     Peter A. Davis seeks review of a decision of the Workforce Appeals Board (the Board) affirming a denial of unemployment insurance benefits under Utah Code section 35A-4-405(1)(b). *See* Utah Code Ann. § 35A-4-405(1)(b) (2011). The Board concluded that Davis voluntarily quit his job without good cause. The Board also ruled that it would not be contrary to equity and good conscience to deny unemployment benefits to Davis. We decline to disturb the Board's ruling.

¶2      Davis first contends that the Board's finding of voluntariness is not supported by substantial evidence. We may grant relief when a petitioner has been substantially prejudiced by an agency action that is "based upon a determination of fact, made or implied by the agency, that is not supported by substantial evidence when viewed in light of the whole record before the court." Utah Code Ann. § 63G-4-403(4)(g) (2011). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Record v. Workforce Appeals Bd.*, 2011 UT App 340, ¶ 19, 263 P.3d 1210 (citation and internal quotation marks omitted).

¶3      Under the Utah Employment Security Act, an individual is ineligible for unemployment benefits "[f]or the week in which the claimant left work voluntarily without good cause, . . . and for each week thereafter until the claimant has performed services in bona fide, covered employment and earned wages for those services equal to at least six times the claimant's weekly benefit amount." Utah Code Ann. § 35A-4-405(1)(a). Under rules governing the Department of Workforce Services, a separation is considered voluntary if the claimant was the "moving party in ending the employment relationship." Utah Admin. Code R994-405-101(1). This includes failing to return to work after "a period of absence initiated by the claimant." *Id.* R994-405-101(1)(c). "A separation is a discharge," however, "if the employer was the moving party in determining the date the employment ended." *Id.* R994-405-201.

¶4      The Board determined that Davis was the moving party in ending his employment because he did not contact his employer for several days while he was recovering from an injury. When Davis finally contacted his employer on November 13, 2010, he showed up at work with a ladder, took his licenses off the wall, collected his tools, told the manager he could no longer work, and left. The Board's findings were largely based on the testimony of the employer's witnesses.

¶5      Davis challenges these findings by pointing to the testimony of his witnesses at the hearing. He argues that his wife called the employer each day he missed work. Davis also argues that he went to work on November 13 to ask for a leave of absence, as he was not getting any better, and that his employer told him that he was "done around here."

¶6      The Board's decision thus turned on a credibility determination. After considering the conflicting evidence, the Board found the employer's witnesses to be

more credible than Davis's. "It is not our role to judge the relative credibility of witnesses." *Salt Lake Donated Dental Servs., Inc. v. Department of Workforce Servs.*, 2011 UT App 7, ¶ 14, 246 P.3d 1206 (citation and internal quotation marks omitted). "It is the province of the Board, not appellate courts, to resolve conflicting evidence, and where inconsistent inferences can be drawn from the same evidence, it is for the Board to draw the inferences." *Id.* (citation and internal quotation marks omitted). Therefore, "[w]hen the evidence is disputed, as it was here, we defer to the Board's assessment of credibility and resolution of conflicting evidence." *Wright v. Workforce Appeals Bd.*, 2011 UT App 137, ¶ 5, 254 P.3d 767. In light of the Board's credibility determinations, we hold that substantial evidence supports the finding that Davis voluntarily quit his job.[1]

¶7      Davis next contends that the Board acted arbitrarily and capriciously and abused its discretion in finding that Davis had not satisfied the equity and good conscience standard.[2] "Determining what constitutes equity and good conscience presents a mixed question of law and fact on which we defer to the Board, so long as its decision falls within the limits of reasonableness and rationality." *Id.* ¶ 9.

¶8      Even if a claimant voluntarily quits without good cause, the claimant "may not be denied eligibility for benefits if the claimant leaves work under circumstances where it would be contrary to equity and good conscience to impose a disqualification." Utah Code Ann. § 35A-4-405(1)(b). To demonstrate that a denial of unemployment benefits would be against equity and good conscience, a claimant must establish that he both acted reasonably and demonstrated a continuing attachment to the labor market. *See* Utah Admin. Code R994-405-103(1)(a)–(b). A claimant acts reasonably where "the decision to quit [is] logical, sensible, or practical." *Id.* R994-405-103(1)(a).

¶9      Davis has not demonstrated that his decision was logical, sensible, or practical. According to the Board's findings, Davis did not discuss his options with his employer

---

[1]Davis does not challenge the Board's finding that he lacked good cause to quit.

[2]Davis also contends that the Board's finding is not supported by substantial evidence. However, this challenge rests on the same evidence that supports the Board's voluntariness determination. Because we defer to the Board's credibility determinations, Davis's factual challenge to the equity and good conscience finding fails.

or seek to make an arrangement that would accommodate his injury. Rather, Davis failed to contact his employer for several days and then went to work to gather his belongings. Based on the facts as found by the Board, we cannot conclude that the Board's determination was unreasonable.

¶10     We therefore decline to disturb the Board's ruling.

_____
J. Frederic Voros Jr.,
Associate Presiding Judge

-----

¶11     WE CONCUR:

_____
James Z. Davis, Judge

_____
Stephen L. Roth, Judge