2013 UT App 70

# THE UTAH COURT OF APPEALS

KELLEY L. ANDERSON,

*Petitioner,*

*v.*

DEPARTMENT OF WORKFORCE SERVICES,
WORKFORCE APPEALS BOARD,

*Respondent.*

Per Curiam Decision
No. 20120988-CA
Filed March 14, 2013

Original Proceeding in this Court

Kelley L. Anderson, Petitioner Pro Se
Jaceson R. Maughan, Attorney for Respondent

Before JUDGES ORME, THORNE, and ROTH.

PER CURIAM:

¶1     Kelley Anderson seeks judicial review of a decision of the Workforce Appeals Board (the Board) denying him unemployment benefits because he left work voluntarily without good cause. *See* Utah Code Ann. § 35A-4-405(1) (LexisNexis 2011). "To establish good cause, a claimant must show that continuing the employment would have caused an adverse effect which the claimant could not control or prevent" and "that an immediate severance of the employment relationship was necessary." Utah Admin. Code R994-405-102. The Board also concluded that the equity and good conscience standard did not support payment of benefits, despite the lack of good cause. *See id*. R994-405-103. We do not disturb the Board's decision.

¶2     We will disturb the Board's findings of fact only if they are "not supported by substantial evidence when viewed in light of the whole record before the court." Utah Code Ann. § 63G-4-403(4)(g) (LexisNexis 2011); *see also Drake v. Industrial Comm'n*, 939 P.2d 177, 181 (Utah 1997). We will not disturb the Board's application of the law to the facts as long as the decision is "within the realm of reasonableness and rationality." *EAGALA, Inc. v. Department of Workforce Servs.*, 2007 UT App 43, ¶ 9, 157 P.3d 334 (citation and internal quotation marks omitted).

¶3     Although Anderson was clearly informed in the hearing brochure, in the notice of hearing, and through the Administrative Law Judge's (ALJ) instructions at the hearing that no new evidence would be considered in an appeal to the Board, Anderson attempted to introduce new evidence before the Board. The Board correctly refused to consider the new evidence because it was not presented at the hearing and Anderson did not demonstrate extenuating circumstances to justify considering the new evidence. *See* Utah Admin. Code R994-508-305(2) ("Absent a showing of unusual or extraordinary circumstances, the Board will not consider new evidence on appeal if the evidence was reasonably available and accessible at the time of the hearing before the ALJ.").

¶4     To establish good cause, a claimant must show that the continuance of employment would have had an "adverse effect on the claimant which could not be controlled or prevented and necessitated immediate severance of the employment relationship." *Smith v. Board of Review*, 714 P.2d 1154, 1155–56 (Utah 1986); *see also* Utah Admin. Code R994-405-102. A claimant is required to demonstrate actual or potential physical, mental, economic, personal, or professional harm caused or aggravated by the employment. *See* Utah Admin. Code R994-405-102(1)(a). Good cause is not established if the claimant reasonably could have continued working while looking for other employment. *See id*. R994-405-102(1)(b)(i).

¶5    The ALJ and the Board found that Anderson did not establish good cause for his decision to quit before finding other employment. Anderson was the construction superintendent for a project at a large high school complex in Los Angeles. He had ongoing safety concerns about pedestrian traffic and other access to the construction site, which resulted in his resignation shortly before the resumption of school after summer break. Anderson essentially claimed that continuing his employment caused him mental stress and exposed him to a potential threat to his excellent safety record. Anderson quit because he did not want to be responsible for safety issues on the job site after school resumed; he felt that the client was not responding appropriately to his concerns; and he could not control the safety issues. Although Anderson continued to report his safety concerns, the construction site passed all safety inspections during his tenure. In assessing hardship, "[t]he separation must have been motivated by circumstances that made the continuance of the employment a hardship or matter of concern, sufficiently adverse to a reasonable person so as to outweigh the benefits of remaining employed." *Id*. R994-405-102(1)(a). Measured against this reasonable person standard, the Board found that Anderson's concerns that he might be liable for a potential, future safety incident did not establish good cause to quit before securing another job.

¶6    Before this court, Anderson argues that the ALJ and the Board failed to understand the importance of the issues concerning his safety record as a construction superintendent and "asks for simply the understanding [that] he did in fact have compelling reasons for quitting this job." The role of the Department of Workforce Services and the Board is to determine whether a claimant's reasons for voluntarily quitting constituted "good cause" within the meaning of unemployment compensation statutes to entitle that claimant to unemployment benefits and whether, absent a showing of good cause, the equity and good conscience standard supports granting benefits. The Board's purpose was to determine eligibility for benefits under applicable statutes and administrative rules, and its review of Anderson's

reasons for voluntarily leaving his employment was necessarily focused on that determination. Therefore, to the extent that Anderson's arguments focus on recognition of the validity of his reasons for leaving his employment for any purpose other than the determination of his eligibility for unemployment benefits, consideration of those arguments is beyond the proper scope of this proceeding.[1]

¶7 The Board's factual findings are supported by substantial evidence in the record as a whole, and the Board's determinations that Anderson quit his employment without good cause and did not demonstrate that a denial of benefits was contrary to equity and good conscience are reasonable and rational. Accordingly, we do not disturb the Board's decision.

--------

1. It does appear that Anderson's safety record and reputation remains intact. Anderson acknowledges that he had other employment available "almost immediately" and states that he started a new job within two weeks.