2015 UT App 84

## THE UTAH COURT OF APPEALS

PREFERRED HOT OIL, LLC,
Petitioner,

*v.*

DEPARTMENT OF WORKFORCE SERVICES AND JACK A. DAVIS,
Respondents.

Memorandum Decision
No. 20140499-CA
Filed April 9, 2015

Original Proceeding in this Court

Daniel S. Sam, Attorney for Petitioner

Suzan Pixton, Attorney for Respondent Department
of Workforce Services

JUDGE J. FREDERIC VOROS JR. authored this Memorandum
Decision, in which JUDGES JAMES Z. DAVIS and
MICHELE M. CHRISTIANSEN concurred.

VOROS, Judge:

¶1     Preferred Hot Oil, LLC (Employer) seeks review of a
decision of the Utah Workforce Appeals Board upholding an
award of unemployment benefits to Jack A. Davis (Claimant).
We decline to disturb the Board's ruling.

¶2     Claimant worked for Employer from January through
July of 2013. Claiming that he had been laid off, Claimant
sought, and the Department of Workforce Services awarded,
unemployment benefits. Employer appealed, claiming that it did
not terminate Claimant but that he voluntarily quit. The
Administrative Law Judge presiding over the appeal found that
Employer had terminated Claimant due to a reduction in force
and thus affirmed the award of benefits. Employer appealed the
ALJ's decision to the Board. The Board adopted the findings of

the ALJ and affirmed. Employer now seeks review of the Board's decision.

¶3　An employee who voluntarily quits his or her employment without good cause is not eligible for unemployment benefits. *See* Utah Code Ann. § 35A-4-405(1)(a) (LexisNexis 2011). However, "[w]hen a worker is separated due to a reduction of the workforce, regardless of business conditions requiring the separation, the worker is eligible for benefits and the employer is liable for charges." Utah Admin. Code R994-306-101 (2013). Employer contends that Claimant voluntarily quit his job as a super-heater truck driver without good cause and that the evidence presented at the hearing before the ALJ does not support the Board's finding that Employer discharged Claimant through a reduction in force. Accordingly, the sole issue before us is whether Claimant voluntarily quit or Employer discharged him through a reduction in force.[1]

¶4　"'Whether the [Board] correctly or incorrectly denied benefits is a traditional mixed question of law and fact.'" *Carnagie v. Workforce Appeals Bd.*, 2013 UT App 193, ¶ 6, 308 P.3d 561 (alteration in original) (quoting *Jex v. Labor Comm'n*, 2013 UT 40, ¶ 15, 306 P.3d 799). "[M]ixed questions can either be law-like or fact-like." *Sawyer v. Department of Workforce Servs.*, 2015 UT 33, ¶ 11. "Law-like mixed questions are reviewed de novo, while fact-like mixed questions are reviewed deferentially." *Id.*

---

1. Employer also contends for the first time on appeal that Claimant does not qualify for unemployment benefits due to a "lack of efforts in securing re-employment." However, "Utah law requires parties to preserve arguments for appellate review by raising them first in the forum below—be it a trial court or an administrative tribunal." *Columbia HCA v. Labor Comm'n*, 2011 UT App 210, ¶ 6, 258 P.3d 640. Because Employer did not raise this issue in the administrative proceeding, we decline to address it. *See id.*

¶5    To determine "whether a lower tribunal's . . . determination is either law-like or fact-like, we first look to prior cases in which [our supreme court has] articulated a standard of review for this question." *Id.* ¶ 15. In *Sawyer v. Department of Workforce Services*, the Department of Workforce Services denied Sawyer's request for unemployment benefits because it determined she voluntarily quit without good cause. 2015 UT 33, ¶ 1. There, the supreme court held that whether Sawyer voluntarily quit without good cause was "a fact-like mixed question of law and fact" that the court reviewed deferentially. *Id.; see also Carbon County v. Workforce Appeals Bd.*, 2013 UT 41, ¶ 7, 308 P.3d 477 (holding that given the fact-intensive conclusions involved at the agency level, "the Board's award of unemployment benefits . . . is entitled to deference"). Accordingly, the issue here—whether Claimant voluntarily quit without good cause, or whether Employer discharged him through a reduction in force—is a fact-like question we review deferentially.

¶6    When, as here, a party brings "a challenge to an administrative agency's finding of fact [that determination] is reviewed for substantial evidence." *Provo City v. Utah Labor Comm'n*, 2015 UT 32, ¶ 8 (citing *Murray v. Utah Labor Comm'n*, 2013 UT 38, ¶ 19, 308 P.3d 461). "Substantial evidence exists when the factual findings support more than a mere scintilla of evidence . . . though something less than the weight of the evidence." *Martinez v. Media-Paymaster Plus/Church of Jesus Christ of Latter-Day Saints*, 2007 UT 42, ¶ 35, 164 P.3d 384 (alteration in original) (citation and internal quotation marks omitted). Thus, "[i]n conducting a substantial evidence review, we do not reweigh the evidence and independently choose which inference we find to be the most reasonable." *Provo City*, 2015 UT 32, ¶ 8 (citation and internal quotation marks omitted). "Instead, we defer to an [administrative agency's] findings because when reasonably conflicting views arise, it is the [agency's] province to draw inferences and resolve these conflicts." *Id.* (alterations in original) (citation and internal quotation marks omitted).

¶7     The ALJ based her findings of fact solely on the testimony of Claimant and his supervisor. Claimant testified that Employer discharged him due to a lack of work. The supervisor testified that work slowed down during the summer so he sent Claimant and others home early on a rotating basis. Thus, Employer argues it did not discharge Claimant but merely reduced his hours.

¶8     Given the conflicting testimony, "[t]he Board's decision. . . turned on a credibility determination." *Davis v. Department of Workforce Servs.*, 2012 UT App 158, ¶ 6, 280 P.3d 442. The ALJ found, and the Board agreed, that "Claimant's testimony is more credible than Employer's." Accordingly, the ALJ concluded, and the Board agreed, that "Claimant is unemployed due to a lack of available work. The Claimant is allowed benefits due to a reduction in force" and Employer is liable for charges.

¶9     In its brief, Employer parses the testimony presented to the ALJ and argues in effect that the ALJ misunderstood testimony that, correctly understood, better supports Employer's position. We conclude that the testimony presented to us on the cold record is susceptible to either interpretation. In such cases, "[i]t is not our role to judge the relative credibility of witnesses." *Davis*, 2012 UT App 158, ¶ 6. (citation and internal quotation marks omitted). "Therefore, [w]hen the evidence is disputed, as it was here, we defer to the Board's assessment of credibility and resolution of conflicting evidence." *Id.* (alteration in original) (citation and internal quotation marks omitted). Given the credibility determinations made in this case, we hold that substantial evidence supports the finding that Employer discharged Claimant through a reduction in force.

¶10     Accordingly, we decline to disturb the Board's ruling.

———————